IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 07 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-01277-BNB

DONNIE MILLER,

    Applicant,

v.

BRIGHAM SLOAN, Warden of Bent County Correctional Facility,

    Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Donnie Miller, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. He initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He has been granted leave to proceed *in forma pauperis*.

The Court must construe Mr. Miller's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Miller attacks the execution of his sentence with regard to a judgment of conviction imposed by the Otero County District Court in Case No. 05CR099. On December 7, 2006, Mr. Miller pled guilty to one count of second degree murder and one

sentence enhancer. On February 2, 2007, the trial court sentenced him to sixteen years in the DOC and five years of mandatory parole.

On December 24, 2007, Mr. Miller filed a motion in the trial court seeking credit for his presentence confinement. Prelim. Resp. at Ex. A. The state court granted the motion on March 21, 2008, ordering that Mr. Miller be granted good time credit of 15 days per month for his 622 days of presentence confinement, pursuant to Colorado Revised Statute § 17-22.5-301. *Id.*

On December 21, 2009, Mr. Miller filed a petition for writ of mandamus with the Colorado Supreme Court. *Id.* at Ex. B. Mr. Miller asked the Colorado Supreme Court to direct the DOC to apply his presentence good time credits to his sentence completion date. *Id.* at Ex. B, p. 3. The Colorado Supreme Court denied Mr. Miller's mandamus petition on January 13, 2010. *Id.* at Ex. C.

Mr. Miller then filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court on May 26, 2010. On June 18, 2010, Magistrate Judge Boyd N. Boland reviewed the Application and found that it was deficient. Specifically, Magistrate Judge Boland found that the claims raised by Mr. Miller must be asserted pursuant to 28 U.S.C. § 2241 because the claims called into question the execution, and not the validity, of Mr. Miller's sentence. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Accordingly, Magistrate Judge Boland ordered Mr. Miller to file an amended pleading asserting his claims pursuant to 28 U.S.C. § 2241.

Mr. Miller filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on July 13, 2010. On August 2, 2010, Magistrate Judge Boland

ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defenses of timeliness and exhaustion of state court remedies. On August 3, 2010, Respondent filed a preliminary response. Mr. Miller has not filed a Reply within the time provided.

Mr. Miller asserts one claim in the Amended Application. He alleges that the DOC has refused to apply the "presentence good-time credits, due to case management reading, in dicta, of § 17-22.5-405, of Colorado Revised Statutes." Amended Application at 2. Therefore, he alleges that "more than twenty-seven (27) months of [his] sentence is not provided the benefit of § 17-22.5-405, or CRS – due merely to his inability to post bail, as others more fortunate are able." *Id.* at 2-3. Mr. Miller alleges that the DOC's actions have violated his right to equal protection, due process, and right to be free from double jeopardy and cruel and unusual punishment. *Id.*

Respondent asserts that Mr. Miller has failed to exhaust this claim. Respondent argues that Mr. Miller requested from the trial court, and was granted, good time credit pursuant to Colo. Rev. Stat. § 17-22.5-301. However, Respondent contends that, in the instant application, Mr. Miller now requests earned time credit pursuant to Colo. Rev. Stat. § 17-22.5-405. Prelim. Resp. at 3. Respondent asserts that Mr. Miller has not previously raised a claim in the state courts that he is entitled to earned time credit under Colo. Rev. Stat. § 17-22.5-405 for his presentence confinement. *Id.*

Mr. Miller is required to exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. *See Wilson v. Jones*, 430 F.3d 1113, 1118

(10th Cir. 2005). Like other habeas petitioners, a § 2241 petitioner fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner

bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondent explains that good time credits are awarded under Colo. Rev. Stat. § 17-22.5-301 for good conduct in prison, while earned time credits are awarded under Colo. Rev. Stat. § 17-22.5-405 for a prisoner's substantial progress in rehabilitation or work programs. *Id.* (citing *People v. McCreadie*, 938 P.2d 528, 531 n. 6 (Colo. 1997)). Further, good time credits are applied by the DOC to calculate an inmate's parole eligibility date and are not applied to calculate the post-incarceration mandatory parole release date. *Id.* at 4 (citing *People v. Watson*, 892 P.2d 388, 390 (Colo. App. 1994)). Earned time credits are applied to calculate the mandatory parole release date and apply after the parole eligibility date. *Id.* (citing Colo. Rev. Stat. § 17-22.5-405(5) & (6)).

The trial court's March 21, 2008 order granted Mr. Miller good time credit of fifteen days per month pursuant to Colo. Rev. Stat. § 17-22.5-301. Amended Application at Ex. A. The order contains no reference to Colo. Rev. Stat. § 17-22.5-405. *Id.* Because neither party has provided Mr. Miller's post-conviction motion to the Court, it is not clear whether Mr. Miller included a claim for earned time credit pursuant to Colo. Rev. Stat. § 17-22.5-405 in his post-conviction motion. However, it appears that the motion is not necessary for a determination of whether Mr. Miller has exhausted this claim. As Respondent points out, if Mr. Miller failed to request earned time credit pursuant to § 17-22.5-405 from the trial court, then he has failed to exhaust state remedies because he has never previously raised this issue in the state courts.

Moreover, even if Mr. Miller actually included a request for earned time credit in the post-conviction motion, his request was implicitly denied by the trial court when it granted him only good time credit pursuant to Colo. Rev. Stat. § 17-22.5-301. Therefore, Mr. Miller would have been required to appeal that denial to the Colorado Court of Appeals within forty-five days of the ruling. *See* Colo. App. R. 4(b)(1). Mr. Miller did not file an appeal of the post-conviction motion with the Colorado Court of Appeals. Prelim. Resp. at 4. Nonetheless, under either scenario, Mr. Miller failed to exhaust a claim for earned time credit under § 17-22.5-405 because he failed to properly present this claim "through 'one complete round of the State's established appellate review process.'" ***Woodford v. Ngo***, 548 U.S. 81, 92 (2006) (quoting ***O'Sullivan v. Boerckel***, 526 U.S. 838, 845 (1999)).

Mr. Miller's petition for a writ of mandamus, filed with the Colorado Supreme Court on December 21, 2008, was also insufficient to exhaust Mr. Miller's state court remedies. This is because, if a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." ***Castille***, 489 U.S. at 351; *see also **Parkhurst v. Shillinger***, 128 F.3d 1366, 1369 (10th Cir. 1997) (procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See **Rogers v. Best***, 171 P.2d 769, 770 (Colo. 1946); *see also* Colo App. R. 21.

Furthermore, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument. *Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996). Accordingly, filing a petition that the Colorado Supreme Court, in its discretion, may deny is not sufficient to exhaust state court remedies. *See Allen v. Zavaras*, 568 F.3d 1197, 1202-03 (10th Cir. 2009). Moreover, Mr. Miller fails to demonstrate that the Colorado Supreme Court addressed the merits of the claim he raises in this action.

Mr. Miller has failed to invoke one complete round of Colorado's established appellate review process and, therefore, failed to exhaust his claim during the course of his state action. *See O'Sullivan*, 526 U.S. at 845. Accordingly, it is

ORDERED that the amended application is denied and the action is dismissed without prejudice for failure to exhaust. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  7th  day of  September , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01277-BNB

Donnie Miller
Prisoner No. 135202
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

Paul Sanzo
First Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/7/10

GREGORY C. LANGHAM, CLERK

By _____
    Deputy Clerk